UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY GRAHAM,

                Plaintiff,                Case No. 1:16-cv-149

v.                                                  Honorable Robert J. Jonker

UNKNOWN MURTLAND, et al.,

                Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim with respect to Plaintiff's claim that Defendant Unknown McDonald and Defendant Unknown Murtland violated Plaintiff's First Amendment rights. The Court will also dismiss Plaintiff's complaint for failure to state a claim with respect to Plaintiff's claim that Defendant

Murtland violated Plaintiff's Eighth Amendment rights by failing to protect him from attack by another prisoner. The Court will serve the complaint against Defendant Murtland with respect to Plaintiff's claim that Defendant Murtland violated Plaintiff's Eighth Amendment rights by using excessive force against him.

**Factual Allegations**

Plaintiff is currently incarcerated with the Michigan Department of Corrections (MDOC) at the Bellamy Creek Correctional Facility in Ionia, Michigan, but the events of which he complains occurred while he was at the Oaks Correctional Facility in Manistee, Michigan. Plaintiff alleges that on July 25, 2014, he was attacked by a fellow prisoner: Butler. Prisoner Butler attacked Plaintiff without warning. He used a weapon. He cut Plaintiff's face. Plaintiff resisted Butler's attack. Plaintiff contends that Defendant Unknown Murtland, a corrections officers at Oaks Correctional Facility, failed to protect him from Butler's attack.

Defendant Murtland attempted to stop the altercation between Plaintiff and prisoner Butler with the use of a taser. Plaintiff alleges that Murtland used the taser on him without warning or justification.

Defendant Murtland wrote a Misconduct Report against Plaintiff for his role in the altercation. Defendant Murtland described the incident as follows: "I observed Prisoner Graham #193214 and Prisoner Butler 256813 fighting in the big day room. They were exchanging punches to each others head with closed fist. They were told to stop at no time did they stop and at no time did they comply." (ECF No. 1, PageID.11.)

The hearing officer concluded that Plaintiff's use of force against Butler was justified as self defense. Plaintiff attaches the hearing officer's report to his Complaint to demonstrate that

he was without fault in the altercation. The hearing officer's description of the evidence and his reasoning provide factual detail that illuminates Plaintiff's succinct allegations:

> I advised the prisoner that I had viewed a video that showed a prisoner walking towards day room door carrying stuff in his hands. A second prisoner comes up to him and attacks him. A brief struggle is observed and then the prisoners go out of camera view and staff respond to the room. . . . Graham says he was attacked by a guy with a weapon while he was carrying food bowls from the microwave. Graham's medical report reflects he had deep actively bleeding lacerations by nose and between eyes which are consistent with his statement that he was injured by a weapon. The video clearly shows Butler attacking Graham as he was walking with his hands full. . . . I find the prisoner credible as to his version of events.
>
> The prisoner says he only acted to protect himself thereby raising the issue that he acted in self defense. It is quite apparent that the prisoner was responding to an attack by Butler with a shank.
>
> 1. The prisoner had physical force used against him.
> 2. He was not the original aggressor.
> 3. The prisoner did not provoke the attack by Butler; he was walking from microwave with his hands full.
> 4. The prisoner did not in any way agree with Butler to a mutual exchange of hostilities.
> 5. Retreat was not an option and there were no staff in the area. He was attacked suddenly and without warning.
> 6. I am unconvinced that the prisoner was fighting back versus trying to protect himself. The Misconduct Report reflects the usual fighting allegation that is not an apt description of what happened and did not take into account the fact that Butler had a shank. I believe the prisoner was acting only to protect himself from Butler who attacked him with a shank. I do not believe that he was fighting back in an aggressive manner. The situation was forced upon him by Butler. The prisoner did not use unreasonable force under the situation.
>
> To the extent the prisoner exerted any force while acting to protect himself from Butler stabbing him, I find he acted in self-defense and I find him not guilty of the charged offense.

(ECF No. 1, PageID.13.)

Plaintiff requested the hearing investigation packet after the misconduct hearing, as he is permitted to do pursuant to MDOC policy directive. Plaintiff alleges that Defendant Murtland and Defendant McDonald, the hearing investigator, conspired to deny him those materials. Plaintiff filed a prisoner grievance against Defendants Murtland and McDonald. The initial grievance document supplied is illegible, but the Step II response indicates that Plaintiff was supplied with the contents of the hearing investigation packet. (ECF No.1, PageID.17.)

Plaintiff alleges that Defendant Murtland's failure to protect Plaintiff and use of the taser on Plaintiff violate the Eight Amendment ban against cruel and unusual punishment. Plaintiff alleges further that Defendants Murtland and McDonald have violated his civil rights by conspiring to deny Plaintiff access to evidence, specifically medical documents, photos and copies related to his injuries.

## Discussion

### I.   Standard of Review

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

II. Eighth Amendment claims

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized

measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

          A.      Failure to protect

Inmates have a constitutionally protected right to personal safety grounded in the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). Thus, prison staff are obliged "to take reasonable measures to guarantee the safety of the inmates" in their care. *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984). To establish a violation of this right, Plaintiff must show that Defendant was deliberately indifferent to the Plaintiff's risk of injury. *Walker v. Norris*, 917 F.2d 1449, 1453 (6th Cir. 1990); *McGhee v. Foltz*, 852 F.2d 876, 880-81 (6th Cir. 1988). A Defendant demonstrates deliberate indifference if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference." *Farmer*, 511 U.S. at 837.

Plaintiff has failed to allege that Defendant Murtland knew of any excessive risk to inmate safety from prisoner Butler. Indeed, Plaintiff's submissions suggest that the risk of attack by prisoner Butler was not known to anyone. The hearing officer's decision is premised on his determination that there were no MDOC staff in the area at the time of the attack, that the attack was sudden, and that the attack occurred without warning. (ECF No. 1, PageID.13.) Moreover, Plaintiff's

allegations indicate that Defendant Murtland acted to stop the altercation once he became aware of it. Accordingly, Plaintiff has failed to state a claim for a violation of the Eighth Amendment with respect to Defendant Murtland's deliberate indifference to a substantial risk of harm posed by prisoner Butler.

### B. Excessive use of force.

Even though the Eighth Amendment prohibits the imposition of "cruel and unusual punishments" upon prisoners, not every shove or restraint gives rise to a constitutional violation. *Parrish v. Johnson*, 800 F.2d 600, 604 (6th Cir. 1986). On occasion, "[t]he maintenance of prison security and discipline may require that inmates be subjected to physical contact actionable as assault under common law." *Combs v. Wilkinson*, 315 F.3d 548, 556 (6th Cir. 2002) (citing *Pelfrey v. Chambers*, 43 F.3d 1034, 1037 (6th Cir. 1995)). Prison officials nonetheless violate the Eighth Amendment when their "offending conduct reflects an unnecessary and wanton infliction of pain." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (internal quotation marks omitted); *Bailey v. Golladay*, 421 Fed.Appx. 579, 582 (6th Cir. 2011).

There is an objective component and a subjective component to an Eighth Amendment claim. *Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013) (citing *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001)). First, "[t]he subjective component focuses on the state of mind of the prison officials." *Williams*, 631 F.3d at 383. We ask "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).

Second, "[t]he objective component requires the pain inflicted to be 'sufficiently serious.'" *Williams*, 631 F.3d at 383 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). This

component requires a "contextual" investigation, one that is "responsive to 'contemporary standards of decency.'" *Hudson*, 503 U.S. at 8, (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). While the extent of a prisoner's injury may help determine the amount of force used by the prison official, it is not dispositive of whether an Eighth Amendment violation has occurred. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . . [w]hether or not significant injury is evident." *Hudson*, 503 U.S. at 9. "Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury." *Id.*

Plaintiff's statement of his claim alleges that Defendant Murtland used the taser on him without warning or justification and that he continues to suffer neck, eye and back pain from the incident nearly eighteen months after the fact. Read indulgently, Plaintiff's statement is sufficient to address the subjective component with respect to Defendant Murtland's application of force, as well as the objective component with respect to the serious nature of the resulting injury. Accordingly, the Court will direct that Plaintiff's complaint against Defendant Murtland be served with respect to the claim that Defendant Murtland used execessive force against Plaintiff.

      III.    Failure to provide documents.

Plaintiff does not identify the "civil right" Defendants Murtland and MacDonald violated when they allegedly conspired to deprive Plaintiff of evidence, specifically "medical documents, photos, and copies of [his] injuries." (ECF No. 1, PageID.3). It appears that Plaintiff intended to use the "evidence" in this action. Thus, the Court will construe his allegations regarding Defendants' conspiracy as a claim that Defendants denied Plaintiff his right of access to the courts.

It is clearly established that prisoners have a constitutionally protected right of access to the courts under the First and Fourteenth Amendments. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). While the right of access to the courts does not allow a State to prevent an inmate from bringing a grievance to court, it also does not require the State to enable a prisoner to discover grievances or litigate effectively. *Lewis*, 518 U.S. 343 (1996). Prison officials have a two-fold duty to protect a prisoner's right of access to the courts. *McFarland v. Luttrell*, No. 94-6231, 1995 WL 150511, at *3 (6th Cir. Apr. 5, 1995). First, they must provide affirmative assistance in the preparation of legal papers in cases involving constitutional rights, in particular criminal and habeas corpus cases, as well as other civil rights actions relating to the prisoner's incarceration. *Id.* (citing *Bounds*, 430 U.S. at 824-28). Second, the right of access to the courts prohibits prison officials from erecting any barriers that may impede the inmate's accessibility to the courts. *Id.* (citing *Knop v. Johnson*, 977 F.2d 996, 1009 (6th Cir. 1992)); *see also Bounds*, 430 U.S. at 822 (citing *Ex parte Hull*, 312 U.S. 546, 549 (1941)).

In order to state a viable claim for interference with his access to the courts, a plaintiff must show actual injury to pending or contemplated litigation. *See Lewis*, 518 U.S. at 349; *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001); *Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999); *Knop*, 977 F.2d at 1000. An inmate must make a specific claim that he was adversely affected or that the litigation was prejudiced. *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005); *Vandiver v. Niemi*, No. 94-1642, 1994 WL 677685, at *1 (6th Cir. Dec. 2, 1994). "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed,

being unable to file a complaint, and missing a court-imposed deadline." *Harbin-Bey*, 420 F.3d at 578 (citing *Jackson v. Gill*, 92 F. App'x 171, 173 (6th Cir. 2004)).

Plaintiff's contention that Defendants' conspiracy denied him access to the courts to raise his Eighth Amendment claims necessarily fails because he has not alleged any injury to pending or contemplated litigation. There is certainly nothing in Plaintiff's complaint or the attached documents that suggests a failure to provide (or delay in providing) evidence with regard to Plaintiff's medical condition has adversely affected Plaintiff's claims herein. Therefore, Plaintiff has failed to state a claim for violation of his First Amendment right of access to the courts.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendant McDonald will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court further determines that Plaintiff's First Amendment claim against Defendant Murtland and Plaintiff's Eighth Amendment claim against Defendant Murtland for failing to protect Plaintiff will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendant Murtland, but only with respect to Plaintiff's claim that Defendant Murtland violated Plaintiff's Eighth Amendment rights by using excessive force against him.

An Order consistent with this Opinion will be entered.

Dated: March 8, 2016 /s/ Robert J. Jonker
ROBERT J. JONKER
CHIEF UNITED STATES DISTRICT JUDGE