UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY GRAHAM,

    Plaintiff,

CASE NO. 1:16-CV-149

v.

HON. ROBERT J. JONKER

DOUGLAS MURTLAND,

    Defendant.
                          /

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Green's Report and Recommendation in this matter (ECF No. 24) as well as Plaintiff's Objection (ECF No. 25). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> [t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Magistrate Judge recommends dismissing with prejudice Plaintiff's claim for damages against Defendant Murtland in his official capacity, but denying Defendant's Motion for Summary Judgment on Plaintiff's claim for damages against Defendant Murtland in his individual capacity. (ECF No. 24, PageID.174). Plaintiff objects to dismissing his claim for damages against Defendant Murtland in his official capacity. The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's Objection. After conducting the de novo review, the Court will adopt the Report and Recommendation over Plaintiff's Objection.

Plaintiff's Objection fails to deal in a meaningful way with the Magistrate Judge's analysis. Rather than arguing the Magistrate erred in finding the claim against Defendant Murtland in his official capacity was barred by sovereign immunity, Plaintiff contends he can overcome a qualified immunity defense. But this argument is inapposite. It is well recognized that "personal immunities such as qualified immunity are separate and distinct from sovereign immunity under the Eleventh Amendment." *Bradford v. Child Protective Services of Michigan Genesee Cty.*, No. 12-cv-13718, 2013 WL 4084756, at *5 n.3 (E.D. Mich. Aug. 13. 2013). The Court has reviewed the Magistrate Judge's Eleventh Amendment analysis and agrees that Plaintiff's claim against Defendant Murtland in his official capacity is barred by Eleventh Amendment immunity for the very reasons recited by the Magistrate Judge. (ECF No. 24, PageID.180).

Finally, in his Objection, Plaintiff requests the Court appoint counsel. Plaintiff's request will be denied. For one thing, an Objection is not the appropriate forum within which to make such a request. It Plaintiff desires the appointment of counsel, he must do so in a properly supported motion. But even if the Court were to consider the request, the request would be denied. The Magistrate Judge has previously denied a motion requesting the appointment of counsel. (ECF

No. 23). Present circumstances do not warrant a different result. Therefore, for all the above reasons, Plaintiff's Objection is overruled.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 24) is Approved and Adopted as the Opinion of the Court. Plaintiff's claim for damages against Defendant Murtland in his official capacity is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Plaintiff's request for appointment of counsel is **DENIED** and that Defendant's Motion for Summary Judgment (ECF No. 19) is **DENIED.**

Dated:    January 2, 2018              /s/ Robert J. Jonker
                                                             ROBERT J. JONKER
                                                             CHIEF UNITED STATES DISTRICT JUDGE