UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| GREGORY GRAHAM, <br> # 193214, | ) <br> ) <br> ) | |
| Plaintiff, | ) | Case No. 1:16-cv-149 |
| | ) | |
| v. | ) | Honorable Robert J. Jonker |
| | ) | |
| DOUGLAS MURTLAND, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**REPORT AND RECOMMENDATION**

This is a civil rights action brought *pro se* by a state prisoner under 42 U.S.C. § 1983. Plaintiff is an inmate at the Bellamy Creek Correctional Facility. On July 25, 2014, plaintiff was an inmate at the Oaks Correctional Facility (ECF). The defendant, Corrections Officer Douglas Murtland, is employed at ECF by the Michigan Department of Corrections. On July 25, 2014, plaintiff was involved in a fight with prisoner Butler. Plaintiff alleges that, when defendant intervened, he used excessive force against plaintiff in violation of his rights under the Eighth Amendment's Cruel and Unusual Punishments Clause. Plaintiff seeks an award of damages against defendant in his individual capacity.[1]

The matter is now before me on defendant's motion for summary judgment. (ECF No. 32). Plaintiff opposes the motion. (ECF No. 35). For the reasons set

---

[1] All other claims have been dismissed. (ECF No. 7, 8, 26).

forth herein, I recommend that the Court deny defendant's motion for summary judgment.

## Summary Judgment Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *McKay v. Federspiel*, 823 F.3d 862, 866 (6th Cir. 2016). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " *Rocheleau v. Elder Living Const., LLC*, 814 F.3d 398, 400 (6th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The Court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *France v. Lucas*, 836 F.3d 612, 624 (6th Cir. 2016).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence

of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. *See Ellington v. City of E. Cleveland*, 689 F.3d 549, 552 (6th Cir. 2012); *see also Scadden v. Werner*, 677 F. App'x 996. 1001 (6th Cir. Jan. 27, 2017). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990); *see Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].' " *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see Brown v. Battle Creek Police Dep't*, 844 F.3d 556, 565 (6th Cir. 2016).

### **Proposed Findings of Fact**

The following facts are beyond genuine issue. Plaintiff is an inmate held in the custody of the Michigan Department of Corrections (MDOC) on criminal convictions. On July 25, 2014, he was an inmate at the Oaks Correctional Facility (ECF). On that date, plaintiff was involved in an altercation with prisoner Butler.

Plaintiff states that Corrections Officer Douglas Murtland used a taser against him without justification or warning.[2] (Compl., ECF No. 1 at PageID.3-4). Officer Murtland states he did not use the taser during the incident. He identifies Corrections Officer Matthew Turner as the officer who used the taser and Officer Turner agrees. (Murtland Aff. ¶¶ 4-6, ECF No. 33-2, PageID.214; Tuner Aff. ¶ 4, ECF No. 36-2, PageID.228).

## Discussion

Defendant argues that he is entitled to summary judgment because he was not personally involved in deploying the taser and that plaintiff has "simply misidentified the individual involved."[3] (Def. Brief at 4, ECF No. 33, PageID.208). Plaintiff disagrees and states under penalty of perjury in his verified complaint that Officer Murtland used the taser against him. (Compl., ECF No. 1 at PageID.3-4). There is a genuine issue of material fact regarding the identity of the officer who used the taser against plaintiff.

I recommend that defendant's motion for summary judgment be denied.

---

[2] Plaintiff's complaint is verified under penalty of perjury. (Compl., ECF No. 1 at PageID.4). It is considered as an affidavit in opposition to defendant's motion for summary judgment. *See El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008).

[3] Defendant did not present argument or evidence that, assuming he operated the taser, the force applied was reasonable under the circumstances and did not constitute an Eight Amendment violation.

### **Recommended Disposition**

For the foregoing reasons, I recommend that defendant's motion for summary judgment (ECF No. 32) be denied.


Dated:   October 23, 2018          /s/   Phillip J. Green
                                   PHILLIP J. GREEN
                                   United States Magistrate Judge

### **NOTICE TO PARTIES**

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.   28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).   All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).   Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).   General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).