UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| GREGORY GRAHAM, <br> # 193214, <br>     Plaintiff, <br> v. <br> DOUGLAS MURTLAND, <br>     Defendant. | Case No. 1:16-cv-149 <br><br> Honorable Robert J. Jonker |

## **ORDER**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. This matter is before the Court on Defendant's Motion to Seal Documents. (ECF No. 69). Plaintiff has filed a response, which appears to acquiesce in the motion. (ECF No. 77).

On July 25, 2014, Plaintiff was involved in a physical altercation with another inmate. In an effort to terminate this encounter, Defendant Matthew Turner deployed a taser into Plaintiff's back. Plaintiff alleges that Defendant's actions violated his Eighth Amendment right to be free from the use of excessive force. Defendant Turner now moves for summary judgment. In support of his motion, Defendant has submitted several items in support of that motion that he now moves the Court to seal. For the reasons discussed herein, Defendant's motion will be denied.

There exists in our judicial system a "strong presumption" in favor of public access to court records and materials. *See Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016). The party seeking to seal such material from public view bears a "heavy" burden to overcome the presumption of public access.

While it may be appropriate for the Court to enter a protective order to prevent the public from gaining access to certain material exchanged between the parties during discovery, "very different considerations apply" when resolving a motion for summary judgment. At the adjudication stage, the public's interest in being able to access materials submitted to the Court is heightened and can be overcome by "only the most compelling reasons." *Ibid*. Defendant seeks to seal three items: (1) video recorded from a camera within the correctional facility; (2) video recorded by a body camera worn by the individual who deployed his taser; and (3) MDOC Policy Directive 04.05.110 concerning the use of force.

Regarding the videos, Defendant asserts that making such available to the public implicates legitimate security concerns. Specifically, Defendant asserts that the videos reveal: (1) the capabilities of their tasers; (2) the locations and capabilities of the cameras located in the housing units; and (3) any blind spots the cameras in question may experience.

With respect to the video recorded by the officer who deployed the taser, the Court discerns nothing unique about the taser, the method by which it was deployed,

-2-

or anything that otherwise implicates legitimate security concerns. The video merely shows an individual being tased, a circumstance that is shown regularly on television and is universally available on YouTube and other internet sites. Defendant offers neither evidence nor focused argument in support of his motion to seal, relying instead on generalized, and unsubstantiated, conclusions.

As for Defendant's desire to keep secret the locations and capabilities of the cameras within the housing units, Defendant has presented no evidence that the cameras in question are hidden or otherwise not readily visible to prisoners. The Court likewise discerns nothing regarding the camera's capabilities that is unusual or extraordinary, and Defendant offers no evidence to the contrary. Finally, regarding Defendant's concern that the public not learn of any blind spots the cameras may experience, Defendant has presented no evidence that any such blind spots, in fact, exist.

With respect to the Policy Directive, Defendant asserts that such should be sealed because it: (1) details the procedures to be followed by prison officials when using force within an MDOC facility and (2) describes the capabilities of the MDOC's security systems. While the Policy Directive details the procedures to be followed by prison employees when employing force, Defendant has failed to articulate how knowledge of such by the public (or even prisoners) creates a security risk. The MDOC's use of force policies appear to be a matter of common sense consistent with general principles easily discerned via the internet or other sources. Defendant

offers no evidence that the MDOC's use of force policies are so unique or concern such unusual circumstances that sealing such is appropriate in the present circumstance. Moreover, Defendant's assertion that the Policy Directive "discusses the capabilities of MDOC's security systems" misrepresents the Policy Directive's contents.

In conclusion, while the Court does not lightly dismiss the MDOC's security concerns, Defendant's talismanic invocation of "security," in the absence of relevant evidence or focused argument, is simply insufficient to overcome the "strong presumption" that materials submitted in support of a motion for summary judgment be available to the public.   Accordingly,

**IT IS ORDERED** that Defendants' motion (ECF No. 69) is **DENIED** and the proposed order (ECF No. 71) is **DISMISSED as MOOT**.

**IT IS FURTHER ORDERED** that Exhibits F, H and I to Defendant Matthew Turner's motion for summary judgment (ECF No. 74-7, 74-9-10) are **UNSEALED**, and the Clerk is directed to file these exhibits on the public record.

**IT IS SO ORDERED**.

Dated:   July 19, 2019                             /s/   Phillip J. Green
                                                   PHILLIP J. GREEN
                                                   United States Magistrate Judge