UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY GRAHAM #193214,

       Plaintiff,                              Hon. Robert J. Jonker

v.                                                  Case No. 1:16-cv-149

MATTHEW TURNER,

       Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff brought this civil rights action, pursuant to 42 U.S.C. § 1983, claiming that Corrections Officer Matthew Turner violated his Eighth Amendment right against cruel and unusual punishment.[1] This matter is before the Court on Defendant's Motion for Summary Judgment. (ECF No. 73). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be granted and this action terminated.

## BACKGROUND

Plaintiff, through counsel, filed an amended complaint (ECF No. 60) alleging the following. As of July 25, 2014, Plaintiff was incarcerated at the Oaks Correctional Facility. While he was "carrying food bowls from the microwave," Plaintiff was

---

[1] Other claims have been dismissed. (ECF No. 7,8, 26)

-1-

"attacked" by another inmate. Plaintiff's attacker used "a weapon" causing Plaintiff to suffer "several lacerations to his face and body." Corrections Officers Douglas Murtland and Matthew Turner subsequently "responded to the altercation" at which point Turner "[w]ithout warning, justification, or additional provocation . . . maliciously deployed a Taser gun into" Plaintiff's back. As a result, Plaintiff lost consciousness and continues to experience back pain and emotional damages. Plaintiff alleges that Defendant Turner's use of a taser constituted excessive force. Defendant Turner now moves for summary judgment. Plaintiff opposes the motion. (ECF No. 83).

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Ibid.* The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002).

Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561. Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## **ANALYSIS**

The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishment. U.S. Const. amend. VIII. The excessive use of force which results in the unnecessary and wanton infliction of pain violates this provision. *See Whitley v. Albers*, 475 U.S. 312, 319 (1986). Claims alleging the excessive use of force have both a subjective and an objective component. *See Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991).

The objective component of the analysis examines whether the pain or deprivation allegedly suffered by the prisoner was "sufficiently serious" to implicate the Eighth Amendment. *Ibid.* To be "sufficiently serious," the prison official's act or omission must deny the prisoner of "the minimal civilized measure of life's necessities," *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), as defined by contemporary standards of decency.

*See Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004). While the Eighth Amendment does not prohibit every *de minimis* use of physical force, where "prison officials maliciously and sadistically use force to cause harm," contemporary standards of decency "always are violated" regardless whether the force applied was *de minimis* or resulted in injury. *Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992).

The subjective component of the analysis examines whether the prison official's conduct reflected "obduracy and wantonness" or was instead the product of "inadvertence or error in good faith." *Wilson*, 501 U.S. at 299. In this respect, the relevant inquiry is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley*, 475 U.S. 320-21. When evaluating whether a prison official's conduct falls short of this standard, the Court must consider the following factors: (1) the need for the application of force, (2) the relationship between such need and the force used, (3) the threat reasonably perceived by the prison official, and (4) any efforts undertaken to temper the severity of the response. *Hudson*, 503 U.S. at 7. The absence of injury, while relevant, is not dispositive. *Ibid.* As the Supreme Court has observed:

> When prison officials maliciously and sadistically use force to cause harm, the Court recognized, contemporary standards of decency always are violated . . . whether or not significant injury is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury.

> This is not to say that the absence of serious injury is irrelevant to the Eighth Amendment inquiry. [T]he extent of injury suffered by an inmate is one factor that may suggest whether the use of force could plausibly have been thought necessary in a particular situation. The extent of injury may also provide some indication of the amount of force applied. As we stated in *Hudson,* not every malevolent touch by a prison guard gives rise to a federal cause of action. The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind. An inmate who complains of a push or shove that causes no discernible injury almost certainly fails to state a valid excessive force claim.
>
> Injury and force, however, are only imperfectly correlated, and it is the latter that ultimately counts. An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury.

*Wilkins v. Gaddy*, 559 U.S. 34, 36-38 (2010) (internal citations and quotations omitted).

In support of his motion for summary judgment, Defendant Turner has submitted the following items: (1) a transcript of his deposition (including exhibits); (2) a transcript of Douglas Murtland's deposition (including exhibits); (3) an Electronic Control Device (ECD) Usage Report; (4) a Misconduct Report charging Plaintiff with fighting on July 25, 2014; (5) a Misconduct Hearing Report; (6) a video recorded by Turner's taser unit; (7) a video recorded by a camera located in the prison housing unit; (8) an affidavit executed by an MDOC litigation specialist authenticating the video evidence submitted by Defendant; and (9) MDOC Policy Directive 04.05.110 regarding the use of force. (ECF No. 74, 84). In response to Defendant's motion, Plaintiff has submitted a transcript of

his deposition. (ECF No. 83). Viewing the admissible evidence before the Court in a light most favorable to Plaintiff reveals the following.[2]

Prior to July 2014, Plaintiff experienced problems with another prisoner named Butler. (ECF No. 83-1, PageID.558-70). While Butler had previously threatened to harm Plaintiff, this dispute had not escalated to physical conflict before July 25, 2014. (*Id.*). On that evening, however, Butler attacked Plaintiff in the day room, stabbing him multiple times. (*Id.* at PageID.575-80). Plaintiff attempted to defend himself by fighting with Butler. (ECF No. 83-1, PageID.579-80; ECF No. 74-2, PageID.411). There were "maybe 20 or more" other prisoners in the day room when this fight occurred. (ECF No. 74-2, PageID.412, 488; ECF No. 83-1, PageID.589-91).

Plaintiff and Butler fought for several minutes before Corrections Officers Turner and Murtland entered the day room. (ECF No. 74-2, PageID.377, ECF No. 74-3, PageID.445; ECF No. 83-1, PageID.579-92, 608-09). When Turner and Murtland entered the dayroom they both "saw two prisoners fighting in the corner." (ECF No. 74-1, PageID.377). Turner and Murtland both perceived Plaintiff to be the aggressor, as he was "beating up Prisoner Butler in the corner." (ECF No. 74-2, PageID.411, ECF No. 74-3, PageID.445). Turner then yelled "taser" and deployed his taser into Plaintiff's

---

[2] The following items constitute hearsay to which Plaintiff has not objected: (1) exhibits to Turner and Murtland's depositions; (2) the ECD Usage Report; (3) the Misconduct Report; and (4) the Misconduct Hearing Report. Because the Court can consider only admissible evidence when resolving a motion for summary judgment, the Court has disregarded these items. *See Rogers v. Lilly*, 292 Fed. Appx. 423, 428 n.3 (6th Cir., Aug. 22, 2008).

back.  (*Id.*, PageID.377, 411, 447, 459; ECF No. 83-1, PageID.579-92, 608-09, ECF No. 84).[3]

Turner deployed his taser into Plaintiff's back because firing a taser into that portion of the body "decreases the risk of possible injury."  (ECF No. 74 at PageID.387). After being struck by the taser, Plaintiff was provided medical treatment.[4]  (*Id.* at PageID.592-95).  Turner and Murtland both conceded that they *could* have "physically intervened to break up the altercation," but that such was not the "safest means of de-escalating a fight between two prisoners" because such could result in injury to other prisoners and prison staff.  (ECF No. 74 at PageID.413-14, 490).  The video evidence submitted by Defendant Turner is consistent with the testimony described herein. (ECF No. 84).

Even if the Court assumes that Plaintiff can establish the objective element of his use of excessive force claim, Defendant has demonstrated that there does not exist a genuine factual dispute regarding the subjective element of Plaintiff's claim.  The following evidence is undisputed.  When Turner entered the day room, Plaintiff and Butler were engaged in a physical struggle.  Moreover, as the video recorded by Turner's

---

[3] The parties dispute whether Plaintiff and Butler were instructed to stop fighting prior to the deployment of Turner's taser.  Murtland and Turner testified that they instructed Plaintiff and Butler to stop fighting.  (ECF No. 74, PageID.377, 411, 446, 459, 487-88). Plaintiff, on the other hand, testified that he did not hear any command prior to being struck by the taser.  (ECF No. 83-1, PageID.584).  For present purposes, the Court assumes that no such instruction was provided.

[4] Plaintiff alleges that he suffered nerve damage and other lingering effects as a result of being tased, (*Id.*, PageID.608-18), but he has submitted no evidence substantiating these allegations or suggesting that such are related to the incident in question.  (*Id.*).

taser device reveals, Plaintiff appeared to be the aggressor. Turner deployed his taser to terminate a fight between two prisoners, and he used it against Plaintiff because he perceived Plaintiff to be the aggressor. Turner fired his taser into Plaintiff's back because he believed that location decreased the possibility of injury to Plaintiff. Turner used his taser, rather than attempt to physically terminate the altercation, because he believed that to be the safer course of action. Plaintiff has neither presented nor identified evidence creating a genuine factual dispute as to these matters. Furthermore, while Plaintiff alleges that he suffered serious, long-lasting injuries as a result of this incident, he has presented no medical evidence substantiating his allegations.

Given these undisputed facts, the Court finds, based upon the factors articulated above, that no reasonable juror could find for Plaintiff on the subjective element of his claim. Stated differently, given these undisputed facts, any rational juror would find that Defendant Turner deployed his taser in a good faith effort to maintain or restore discipline rather than to maliciously or sadistically harm Plaintiff. Accordingly, Defendant Turner is entitled to summary judgment. In response to Defendant's motion, Plaintiff misstates the applicable legal standard, places undue emphasis on marginally relevant facts, and unreasonably faults Defendant for not being able to discern in the heat of the moment who initiated the fight in question.

With respect to the standard applicable to his claim, Plaintiff notes that Defendant "has argued that [Plaintiff] must establish both an objective and subjective prong to have an excessive force claim." (ECF No. 83, PageID.550). Plaintiff argues, however, that "[t]his is contrary to [Supreme Court authority and]. . .must be rejected by this Court." (*Id.*). Plaintiff is mistaken. *See, e.g., Hopper v. Phil Plummer*, 887 F.3d 744, 752 (6th Cir. 2018) ("a prisoner must satisfy both an objective and a subjective component to make out an excessive-force claim under the Eighth Amendment"). Plaintiff cannot prevail on his claim unless he presents or identifies evidence that Defendant Turner acted with the requisite intent or mental state. As discussed above, however, Plaintiff has failed to do so.

Plaintiff next argues that Defendant Turner should have realized upon entering the day room that Butler initiated the altercation and, therefore, deployed his taser on Butler. This argument constitutes the very sort of after-the-fact second-guessing that the Supreme Court has instructed courts to avoid. *See, e.g,, Whitley*, 475 U.S. at 322. Turner's task when he entered the day room was not to attempt to assign fault for the altercation, but instead to terminate the fight as quickly and as safely as possible without placing others at risk.

Finally, Plaintiff argues that because there exists a dispute whether Plaintiff and Butler were instructed to stop fighting before Turner deployed his taser, summary judgment is inappropriate. Relatedly, Plaintiff argues that summary judgment is not appropriate because an insufficient amount of time passed between Turner yelling

"taser" and the actual deployment of his taser. Even interpreted in Plaintiff's favor, these facts do not alter the analysis above. The undisputed evidence reveals that Defendant Turner encountered a violent physical encounter between two inmates in a room in which some twenty other inmates were present. This situation required prompt action to prevent further injury to the combatants and, moreover, to ensure that staff members or other prisoners were not injured. Plaintiff's argument in this regard is incongruous. On the one hand, Plaintiff claims that Butler savagely attacked him, stabbing him multiple times causing serious and obvious injuries, but on the other, faults Defendant Turner for not slowly and methodically acting to terminate the savage beating Plaintiff alleges he was receiving.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendant's Motion for Summary Judgment, (ECF No. 73), be granted and this action terminated.

Dated: August 19, 2019 /s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge

## NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a forfeiture of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Berksire v. Beauvais*, 928 F. 3d 520, 530-31 (6th Cir. 2019); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).