UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY GRAHAM,

    Plaintiff,

CASE NO. 1:16-CV-149

v.

HON. ROBERT J. JONKER

MATTHEW TURNER,

    Defendant.
_____/

**ORDER APPROVING AND ADOPTING**
**REPORT AND RECOMMENDATION**

The Court has reviewed Magistrate Judge Green's Report and Recommendation in this matter (ECF No. 86) as well as Defendant's Objection (ECF No. 90). Under the Federal Rules of Civil Procedure where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> [t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's objections. After its review, the Court finds that Magistrate Judge Green's Report and Recommendation is factually sound and legally correct.

Plaintiff first objects that the Report and Recommendation fails to apply the correct standard for reviewing motions under Rule 56. The Court finds no basis for this claim. On the contrary, the Report and Recommendation correctly sets out the applicable law—a portion of which is that a reviewing court must view the evidence in the light most favorable to the non-moving party. The Magistrate Judge then properly applied that standard of review. Among other things this meant that the Magistrate Judge accepted, for purposes of evaluating the motion, Plaintiff's contention that no verbal instruction to stop fighting was given before Defendant Turner deployed his taser—a contention that Defendant Turner strongly disputes.

The remainder of Plaintiff's first objection leads into the second, which is that the Magistrate Judge erred in finding that there was no genuine issue of material fact as to the subjective intent of Defendant Turner. Here too, the Court finds Plaintiff's objections to be unpersuasive. The Eighth Amendment embodies a constitutional limitation on the power of the States to punish those convicted of a crime. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *See Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981); *Trop v. Dulles*, 356 U.S. 86, 101 (1958). The Eighth Amendment also prohibits conditions of confinement which, although not physically barbarous, "involve the unnecessary and wanton infliction of pain." *Rhodes*, 452 U.S. at 346. Among unnecessary and wanton infliction of pain are those that are "totally without penological justification." *Id.*

2

Plaintiff's claim involving the use of a taser must be analyzed under the Supreme Court cases authorizing appropriately limited use of force against prisoners.  This analysis, furthermore, must be made in the context of the constant admonitions by the Supreme Court regarding the deference that courts must accord to prison or jail officials as they attempt to maintain order and discipline within dangerous institutional settings.  *See, e.g.*, *Whitley v, Albers*, 475 U.S. 312, 321-22 (1986).  Generally, restrictions and harsh conditions of confinement are not necessarily cruel and unusual punishment prohibited by the Eighth Amendment.  *Rhodes*, 452 U.S. 347.  The Supreme Court has held that "whenever guards use force to keep order," the standards enunciated in *Whitley*, 475 U.S. 31, should be applied.  *Hudson v. McMillian*, 503 U.S. 1, 7 (1992); *see also Wilkins v. Gaddy*, 130 S. Ct. 1175, 1178-79 (2010).  Under *Whitley*, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  *Hudson*, 503 U.S. at 6-7; *Wilkins*, 130 S. Ct. at 1178.

In determining whether the use of force is wanton and unnecessary, the court should evaluate the need for application of force, the relationship between that need and the amount of force used, the threat "reasonably perceived by the responsible officials," and any efforts made to temper the severity of the forceful response.  *Hudson*, 503 U.S. at 6-7 (citing *Whitley*, 475 U.S. at 321); *accord Griffin v. Hardrick*, 604 F.3d 949, 953-54 (6th Cir. 2010); *McHenry v. Chadwick*, 896 F.2d 184 (6th Cir. 1990).  The Sixth Circuit has remarked that "[t]he issue is therefore not whether the use of force was absolutely necessary in hindsight, but 'whether the use of force would plausibly have been thought necessary, or instead evinced such a wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occurred.'"  *Griffin*, 604 F.3d at 954 (quoting *Whitley*, 475 U.S. at 321).

The Magistrate Judge understood all of this, of course, and cited to this authority in his Report and Recommendation. And after de novo review, the Court agrees with the Magistrate Judge that Plaintiff has failed to present a genuine issue of material fact on the issue of excessive force.[1] Under the circumstances presented, the Court concludes that no rational trier of fact could find for Plaintiff.

Defendant Turner had a strong penological justification for breaking up what everyone admits was an ongoing fight between two prisoners, including Plaintiff Graham. And it is plain that Defendant Turner deployed his taser to break up that fight. The injuries that resulted to Plaintiff, in the main, stem not from the taser, but from the other prisoner. The undisputed record, therefore, demonstrates a classic case where a corrections officer needed to respond to a crisis situation in the heat of the moment. And nothing in the video or the rest of the record demonstrates a genuine issue of material fact regarding whether Defendant Turner acted maliciously or sadistically for the purpose of unjustifiable infliction of pain and suffering when he deployed the taser. To find otherwise on this record would mean virtually every injury suffered by a prisoner at the hands of a corrections officer who is attempting to break up a fight would constitute a violation of the Eight Amendment's prohibition on cruel and unusual punishment.

---

[1] Plaintiff's third objection asserts that the Court should conclude that that subjective intent component does not apply to convicted inmates bringing Eighth Amendment excessive force claims. Plaintiff likens his case to a Supreme Court decision evaluating a Section 1983 claim from a pretrial detainee under the Due Process clause of the Fourteenth Amendment. Plaintiff in this case is not a pretrial detainee, and his claim arises under the Eighth Amendment. This Court is bound by published Sixth Circuit authority that has repeatedly concluded, as recently as this past year, that convicted prisoners bringing excessive force claims must satisfy both an objective and a subjective component to make out an Eighth Amendment excessive force claim. *See Hopper v. Phil Plummer*, 887 F.3d 744, 752 (6th Cir. 2018) (citing *Williams v. Curtin*, 631 F.3d 380, 383).

## CONCLUSION

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 86) is **APPROVED AND ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (ECF No. 73) is **GRANTED.**

The Court discerns no good-faith basis for appeal of this matter. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

This case is **DISMISSED.**


Dated:   September 24, 2019              /s/ Robert J. Jonker
                                         ROBERT J. JONKER
                                         CHIEF UNITED STATES DISTRICT JUDGE